WARNER, J.
Steven Shin appeals the order of the Florida Elections Commission imposing a fine for Shin’s untimely campaign treasurer’s report. Shin claims that because he was unopposed in the Republican primary for the position of Supervisor of Elections, he was not subject to the requirement of filing a campaign treasurer’s report pursuant to section 106.07, Florida Statutes. Moreover, he contends that the payment of his qualifying fee was not a campaign expenditure that was required to be reported by the statute. We reject both contentions.
“Review of a final agency order by this court is brought pursuant to section 120.68, and the standard of review is whether the agency’s interpretation of the law is clearly erroneous.” Novick v. Dep’t of Health, Bd. of Med., 816 So.2d 1237, 1240 (Fla. 5th DCA 2002).
Section 106.07(1), Florida Statutes, requires candidates to file regular reports of contributions and expenditures. Section 106.07(l)(c) creates an exception to that requirement and provides that “any unopposed candidate need only file a report within 90 days after the date such candidate became unopposed.” However, section 106.011(15), Florida Statutes, defines “unopposed candidate” as follows:
(15) “Unopposed candidate” means a candidate for nomination or election to an office who, after the last day on which any person, including a write-in candidate, may qualify, is without opposition in the election at which the office is to be filled or who is without such opposition after such date as a result of any primary election or of withdrawal by other candidates seeking the same office.
(Emphasis supplied). Under this definition, Shin is not an unopposed candidate. While he may have been unopposed in the party primary, the definition set forth in the statute requires no opposition in the general election for the office. We reject Shin’s argument with respect to the timing of the enactment of the statutes. Both were in effect at the time of his candidacy, and their enactment dates are irrelevant.
Shin’s second argument is that he was not required to file a report because he had no reportable expenditures. See § 106.07(7), Fla. Stat. He asserts that his payment of the qualifying fee was not a reportable campaign expenditure. Section 106.011(4)(a) defines “expenditure” as:
[A] purchase, payment, distribution, loan, advance, transfer of funds by a campaign treasurer or deputy campaign treasurer between a primary depository and a separate interest-bearing account or certificate of deposit, or gift of money or anything of value made for the purpose of influencing the results of an election or making an electioneering communication.
There is no itemized list as to what constitutes a campaign expenditure, nor is there any case law on the issue. The Attorney General has issued an opinion regarding accounting services in a campaign, in which the Attorney General stated:
Obviously, every person who embarks upon a candidacy for nomination or election to public office is, by his very act of becoming a candidate, seeking to influence the results of an election. Accordingly, any sums of money expended by a candidate in taking steps to comply with statutory obligations imposed on candidates as a class would seem to be an “expenditure” within the meaning of the definition in s. 106.011(4), id.
Op. Att’y Gen. Fla. 74-252 (1974).
Our review is confined to determining whether the agency’s interpretation of the *74 law is clearly erroneous. Novick, 816 So.2d at 1240. We agree with the Attorney General and the Florida Elections Commission’s interpretation of the law. We therefore hold that a qualifying fee is a campaign expenditure which must be reported.
We affirm the final order of the Commission on all issues raised.
MAY, J., and SWEET, GARY L., Associate Judge, concur.